**Filiberto PEREZ DEL MURO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–70961.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 26, 2007.

Filiberto Perez Del Muro, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd,

Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

Filiberto Perez Del Muro and Gabriela Gallegos Pantoja, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their application for cancellation of removal. To the extent we have jurisdiction it is conferred by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' constitutional challenges of the the Nicaraguan Adjustment and Central American Relief Act ("NACARA") are unavailing. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1163–65 (9th Cir. 2002) (holding that NACARA's limitation on eligibility for relief does not violate equal protection or due process); *see also Ram*, 243 F.3d at 517 (holding that Congressional line-drawing under NACARA is rationally related to a diplomatic interest).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, Perez Del Muro's claim that the BIA failed to articulate its reason for dismissing his appeal is foreclosed. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004) (holding that when "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.