**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

FILIBERTO PEREZ DEL MURO;
GABRIELA GALLEGOS PANTOJA,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-72600

Agency Nos. A096-072-247
A096-072-248

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

Filiberto Perez Del Muro and Gabriela Gallegos Pantoja, natives and citizens

of Mexico, petition pro se for review of the Board of Immigration Appeals'

("BIA") order denying their motion to reopen removal proceedings.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed nearly two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within ninety days of final order of removal), and petitioners do not contend they are entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

We decline to review petitioners' challenge to the BIA's February 6, 2006, order because the Court has already issued a memorandum disposition in petitioners' previous petition for review of that decision. *See Perez del Muro v. Mukasey*, 256 Fed.Appx. 98 (9th Cir. 2007).

To the extent it is raised, we lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**